## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN B. BROWN** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 23-2890** |
| **v.** | : | |
| | : | |
| **MS. K. BRITTAIN,** *et al.* | : | |
| *Respondents* | : | |

## ORDER

**AND NOW**, this 20th day of May 2024, upon consideration of *pro se* Petitioner Martin Brown's ("Petitioner") *amended petition for a writ of habeas corpus*, (the "Petition"), filed pursuant to 28 U.S.C. § 2254, (ECF 8), the Report and Recommendation issued by United States Magistrate Judge Lynne A. Sitarski, (the "Magistrate Judge"), which recommended that the Petition be dismissed, as untimely, (ECF 24), and Petitioner's response/objections to the Report and Recommendation, (ECF 27), and, after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.  The objections to the Report and Recommendation are **OVERRULED**;[1]

---

[1]     Following his 2013 conviction, Martin Brown ("Petitioner") was sentenced in 2014 to an aggregated term of 30 to 60 years' incarceration on the following offenses:  third-degree murder, possession of a firearm by a prohibited person, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime.  Petitioner filed numerous post-conviction appeals.  This procedural history underlying Petitioner's conviction and appeals, the subject matter of the Report and Recommendation, (the "R&R"), is summarized in the R&R  and is herein incorporated. However, relevant portions of that history may be repeated below.

On July 8, 2023, Petitioner, proceeding *pro se*, filed an initial petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, (ECF 1), which he amended on August 21, 2023, (ECF 8).  In the amended petition, (the "Petition"), Petitioner seeks relief from his conviction on the grounds that:  (1) his due process rights were violated when the Post-Conviction Relief Act (the "PCRA") court accepted the Government's late-filed motion without permitting a reply from him; (2) he is actually innocent based on newly discovered evidence that the victim died of nursing home neglect rather than from being shot by him; and (3) the

Government violated *Brady v. Maryland* when the Commonwealth withheld evidence and elicited false testimony.  (ECF 8).  In its response to the Petition, the Government argues, *inter alia*, that the Petition is untimely because it had been filed long after the expiration of the applicable one-year statute of limitations.  (ECF 16).  After carefully reviewing the record and considering the arguments, the Magistrate Judge issued a thorough, well-reasoned R&R, and found, *inter alia*, that the Petition was untimely, and that Petitioner failed to demonstrate actual innocence.  As such, the Magistrate Judge recommended that the Petition be dismissed.  (ECF 24).  Thereafter, Petitioner timely filed objections to the R&R.  (ECF 27).

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R.  *See Sample v. Dieks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In conducting its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  28 U.S.C. § 636(b)(1).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

*A.  Statutory Tolling*

In his objections, as best discerned, Petitioner argues, *inter alia*, that the Magistrate Judge erred in concluding that his Petition was untimely.  Petitioner is, however, mistaken.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, petitions for writs of *habeas corpus* are subject to a one-year statute of limitations, 28 U.S.C § 2244(d)(1), which commencement depends on certain events occurring.  This one-year statute of limitations is statutorily tolled during the time in which a petitioner has a "***properly filed*** application for State post-conviction or other collateral review" pending.  *Id.* at § 2244(d)(2) (emphasis added); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  An "application is '***properly filed***' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz*, 531 U.S. at 8 (emphasis added).  Where a state court finds that a collateral challenge to a state conviction is not properly filed under applicable state law, the challenge is not "properly filed" for purposes of § 2244(d)(2) and does not toll the limitations period.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Wallace v. Mahonoy*, 2 F.4th 133, 149 (3d Cir. 2021).

Here, Petitioner was sentenced in 2014.  In the R&R, the Magistrate Judge found that the applicable starting point for the one-year *habeas* statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review," or March 21, 2016.  *See* 28 U.S.C. § 2244(d)(1)(A).  Thus, Petitioner had until March 21, 2017, to file his *habeas* petition.  The Magistrate Judge further found that, after accounting for the statutory tolling resulting from his various state-court appeals, the AEDPA's statute of limitations commenced again on May 26, 2021, (after the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal of his first PCRA petition).  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[T]he text of the [AEDPA] must mean that the statute of limitations is tolled only while state courts review the application.").  Thus, Petitioner had until May 2, 2022 to file his *habeas* petition. Petitioner, however, did not file his initial *habeas* petition until July 8, 2023, more than 14 months after the expiration of the statute of limitations.  Under the *habeas* statute of limitations timeline, the Petition is untimely.

Though Petitioner filed a second PCRA petition on August 10, 2021, this filing did not toll the *habeas* statute of limitations.  The PCRA court concluded on April 29, 2022, that the second petition was untimely; a decision affirmed by the Pennsylvania Superior Court on February 24, 2023.  *See Commonwealth v. Brown*, 2023 WL 2196613, at *4 (Feb. 24, 2023).  An "untimely application" for state

post-conviction relief is "not 'properly filed' under 28 U.S.C. § 2244(d)(2)," and, thus, does not toll the *habeas* statute of limitations. *Merritt v. Blaine,* 326 F.3d 157, 159, 162 (3d Cir. 2003).

For the reasons set forth, this Court having found that under the *habeas* statute of limitations timeline, the Petition is untimely, Petitioner is barred from presenting his claims *unless* his Petition is subject to equitable tolling or Petitioner establishes a credible showing of actual innocence.

### B.   Equitable Tolling

Undisputedly, "the timeliness provision in the federal *habeas corpus* statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). To establish the doctrine of equitable tolling, a litigant bears the burden of establishing two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418); *see also Williams v. Beard*, 300 F. App'x 125, 129 n.6 (3d Cir. 2008).

Here, in both his Petition and objections, Petitioner has failed to establish either element needed to assert an equitable ground for relief. As noted by the Magistrate Judge, Petitioner cannot establish that he has been diligently pursuing his rights or that some extraordinary circumstance caused his untimely filing. Petitioner filed his *habeas* claim more than 14 months after the statute of limitations had expired. He makes no argument as to equitable grounds for relief and does not provide an explanation for the late filing.

Even if Petitioner believed that the second, untimely PCRA petition filed during the pendency of his *habeas* statute of limitations tolled the deadline — which it does not — this belief does not affect the calculations of the *habeas* statute of limitation provision. "It is well-settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse his failure to make a prompt and timely filing." *Hendricks v. Johnson*, 62 F. Supp. 3d 406, 411 (D. Del. 2014). Notably, Petitioner waited more than four months after the Pennsylvania Superior Court found that his second PCRA petition was untimely to file a *habeas* petition. Petitioner provides no explanation for this delay. As such, Petitioner has not established that he has been pursuing his rights diligently and/or that some extraordinary circumstance stood in his way' and prevented timely filing. He has not established any basis to find that his Petition is subject to equitable tolling.

### C.   Actual Innocence

As the Magistrate Judge found, "[t]o prevent a 'fundamental miscarriage of justice,' an untimely petition is not barred when a petitioner makes a "credible showing of actual innocence," which provides a gateway to federal review of the petitioner's otherwise procedurally barred claim of a constitutional violation." *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). *McQuiggin* "establishes an *exception* to the statute of limitations, even where a petitioner may not qualify for an extension to the statute of limitations via equitable tolling." *Wallace*, 2 F.4th at 151 (citing *McQuiggin*, 569 U.S. at 400). To satisfy the *McQuiggin* standard, a petitioner must first present new, reliable evidence and, second, must show that it is "more likely than not any reasonable juror would have reasonable doubt." *Reeves*, 897 F.3d at 160 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). This requires that the petitioner furnish "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Reeves*, 897 F.3d at 161. As to the second prong, the court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (quoting *House*, 547 U.S. at 538).

3.  The *amended petition for a writ of habeas corpus* is **DISMISSED** without an

    evidentiary hearing;

4.  No probable cause exists to issue a certificate of appealability.[2]

---

        To analyze Petitioner's actual innocence claim, this Court has considered the following facts:  On January 11, 2011, Petitioner shot Clyde Raynor, ("Raynor" or the "victim"), a fact Petitioner has not denied.  Raynor was paralyzed from the waist down and spent the remainder of his life in the hospital and various care facilities before he passed away in May 2012.  Petitioner was convicted in 2013 of third-degree murder.  At the trial, the Medical Examiner was questioned on the negligent care the victim received at the nursing facilities and opined that the cause of death was homicide.  In the Petition, Petitioner asserts that in March 2021, it became known to him that Raynor's family had filed a wrongful death lawsuit against the nursing home where the victim received care and that a financial settlement was reached with the victim's family and the care providers.  (Am. *Habeas* Pet., ECF 8, at p. 6).  Petitioner now argues that this "new" evidence regarding the settlement would have proven the gunshot wound was not the victim's true cause of death but instead that Raynor's death was due to negligence.  (*Id.*).  Petitioner is mistaken.  Without deciding whether the evidence regarding the settlement agreement is "new" evidence under *McQuiggin*, this evidence does not show that its more likely than not any reasonable juror would have reasonable doubt about his guilt.  Clearly, Petitioner's actions of shotting the victim remain the direct and substantial factor of the victim's death regardless of negligent care by the nursing home.  *See Commonwealth v. Nunn*, 947 A.2d 756, 760 (Pa. Super. Ct. 2008); *Hill v. Harry*, 2024 WL 944023, at *12 (W.D. Pa. Mar. 5, 2024) (holding that "[s]o long as the defendant's conduct started the chain of causation which led to the victim's death, criminal responsibility for the crime of [third-degree murder] may properly be found" where victim was raped by petitioner and sent to the hospital where she contracted pneumonia and died one week later).  As such, Petitioner has failed to make a credible showing of actual innocence.

        *D.  Conclusion*

        For the reasons set forth, Petitioner's objections are overruled.  This Court finds that the Petition was filed untimely; that Petitioner has failed to establish that his Petition is subject to equitable tolling; and that Petitioner has not made a credible showing of actual innocence.  This Court further finds that the Magistrate Judge did not err in the recommendations made and, accordingly, approves and adopts the R&R.

        Lastly, in his response/objections, Petitioner has asked this Court to upgrade his sentence and order his immediate death.  This request is clearly beyond the authority of this Court and is, therefore, denied.

---

[2]     A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  When a federal court denies a *habeas* petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability may not be issued unless the petitioner demonstrates that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  For the reasons set forth herein and in the R&R, this Court concludes that the Petition is time barred and no reasonable jurist could conclude that this Court erred in the procedural ruling.  Accordingly, there is no basis for the issuance of a certificate of appealability.

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*